1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HAKIMI LAW
Mahsa Hakimi (SBN 216734)
mahsa@hakimilaw.com
916 Kearny Street, Ste 604
San Francisco, California 94133
Telephone:     (415)255-4503
Email: Mahsa@hakimilaw.com

Attorney for Plaintiff:
Ballast Investments, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

BALLAST INVESTMENTS, LLC
a Delaware Limited Liability Company

　　　　　Plaintiff,

　　　vs.

BALLAST REAL ESTATE PARTNERS, LLC
a Wisconsin limited liability company, and
Does 1 to 50.

　　　　　Defendants.

**Case No.:**

**COMPLAINT:**

1.  **FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT, 15 USC § 1114)**
2.  **UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 USC §1125A)**
3.  **CALIFORNIA TRADEMARK INFRINGEMENT (CAL. BUS. & PROF. CODE §14200 ET SEQ.)**
4.  **CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 ET SEQ)**
5.  **COMMON LAW TRADEMARK INFRINGEMENT**
6.  **COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff BALLAST INVESTMENTS, LLC. (hereinafter "Plaintiff" or "BALLAST") by and

through its undersigned counsel, on knowledge with respect to its own acts and on information

and belief with respect to all other matters, brings this Complaint for trademark infringement,

1
2
3
4

unfair competition, and false designation of origin against Defendants BALLAST REAL ESTATE PARTNERS, LLC and DOES 1-50 (hereinafter collectively referred to as "Defendants" or "BALLAST REAL ESTATE"). Plaintiff and Defendants are collectively referred to as "Parties".

5
6

**PRELIMINARY STATEMENT**

7
8
9
10
11
12
13
14
15
16
17

1. This is an action for infringement of Plaintiff's federally-registered trademark "BALLAST" in classes 36 and 37 under section 32(1) of the Lanham Act, 15 U.S.C. §1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and for substantiated and related claims of trademark infringement under California Business and Professional Code §14200 et seq., unfair competition under California Business and Professional Code §17200 et seq., and trademark infringement and unfair competition under the common laws of State of California, all arising from Defendants' unauthorized use of the mark "BALLAST" in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendants' real estate investment services.

18

2. Plaintiff seeks injunctive and monetary relief.

19
20

**THE PARTIES**

21
22

3. Plaintiff is a Delaware limited liability company having its principal place of business at 351 California Street, 14th Floor, San Francisco, California 94104-2412.

23
24
25
26

4. Upon information and belief, Defendant BALLAST REAL ESTATE is a Wisconsin limited liability company doing business at 2140 N. Prospect Ave, Ste 4, Milwaukee, WI 53202-1256.

27
28

5. Plaintiff is unaware of the true names and capacities of defendants sued as DOE 1

through DOE 50. For this reason, Plaintiff sues those Defendants under fictitious names. Plaintiff will seek to amend this complaint to replace the fictitious names with true names and capacities of those Defendants once those names and capacities are ascertained. Upon information and belief, DOE 1 through DOE 50 were, at all relevant times, agents, employees or representatives of each other or Defendants and, in doing the things alleged, were acting within the capacity of such agency, employment, or representation. Upon information and belief, each of the DOE 1 through DOE 50 is responsible in some manner for the acts alleged and that Plaintiff's damages alleged were proximately caused by such Defendants.

## JURISDICTION AND VENUE

6.   Pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, and 1338(a), this Court has subject matter jurisdiction over Plaintiff's claims for relief of violation of the federal trademark and unfair competition statutes. Pursuant to 28 U.S.C. §1338(b), this Court has supplemental jurisdiction over Plaintiff's state law claims, in that the claims are joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), in that all of Plaintiff's claims arise out of common nucleus of operative facts.

7.   Venue is proper in this District pursuant to 28 U.S.C. §1391 because substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District.

8.   Assignment of the San Francisco Division is appropriate because substantial part of the events or omissions giving rise to the claims alleged occurred in the County of San Francisco.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A. **PLAINTIFF & ITS TRADEMARK "BALLAST"**

9.   Plaintiff BALLAST is a well-established and reputable real estate investment, asset and property management firm founded in 2014 by a principal team with extensive residential real estate experience and working relationship that dates back to 2007. Plaintiff has a proven track record of its expertise in the market for acquiring, managing, and repositioning residential properties and serving its clientele since its inception with currently holding over $2.6 billion of assets under its management throughout United States. Since its founding in 2014, Plaintiff has continuously provided its expert services within a very specialized real estate investment and asset management market by over-seeing all aspects of the property journey with dedicated in-house team partners with institutional platform of third-party relationships optimizing investment opportunities for its clientele.

10. Plaintiff is the owner of valid and subsisting United Stated Trademark Registration No. 5,348,745 on the Principal Register in United States Patent and Trademark Office for trademark "BALLAST" (hereinafter "BALLAST MARK") for classes 36 (real estate investment, acquisition and management services) and 37 (real estate construction and development), which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. §1065. Attached as **Exhibit 1** is a true and correct copy of the registration certificate and maintenance records for Plaintiff's BALLAST MARK, in which the Intent to Use application was submitted on October 4, 2016, with the registration issued by United States Patent and Trademark Office on December 5, 2017.

11.    While Plaintiff's website www.ballastinvestments.com went live on or about end of February of 2017 and it began doing business as Ballast Investments, LLC as early as  April 13, 2017, BALLAST MARK has been continuously used in commerce by Plaintiff in promoting is

1
2
3
4
5

services throughout Unites States since its first use in commerce on or about June 5, 2017 in connection with its marketing, advertising and promotion of its services to consumers and its clientele. Attached hereto as **Exhibit 2** are scanned images of Plaintiff's website showing Plaintiff's use of the BALLAST MARK in connection with its servicers.

6
7
8
9

12.     As a result of its widespread, continuous, and exclusive use of the BALLAST MARK to identify its services with Plaintiff as their source, Plaintiff owns both valid and subsisting federal statutory and common law rights to the BALLAST MARK.

10
11

13.     Plaintiff's BALLAST MARK is distinctive to both the consuming public and Plaintiff's specific and expert trade.

12
13
14
15
16
17
18
19
20
21
22

14.     Since the inception of business, Plaintiff has expended substantial time, money, and effort to build and promote its expertise as a specialized boutique real estate investment, asset, and property management firm. As a result of the extensive use and marketing throughout the years and because of its consistent and reputable service and specialized expertise in successful return on its clientele investment, Plaintiff has built up, earned, and now owns valuable good will associated to its BALLAST MARK among the industry critiques and the consumers as an expert real estate investment firm. As a result of Plaintiff's expenditures and efforts, the BALLAST MARK has become to signify the high quality of its services which have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

23
24

**B.  DEFENDANT'S UNLAWFUL ACTIVITIES**

25
26
27
28

15.     Upon information and belief, Defendants are a real estate investment company offering investment opportunities in acquiring apartment buildings in town and cities across Wisconsin and Upper Midwest.

16.     Upon information and belief, without Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its BALLAST MARK, defendant began using its identical and substantially confusing mark "BALLAST REAL ESTATE PARTNERS" in the US Market promoting substantially similar services to potential real estate investors (hereinafter, the "INFRINGING MARK") despite the fact that a simple on-line search would have notified Defendants that the BALLAST MARK was and continues to be an established trademark of Plaintiff in the exact same industry.

17.     The INFRINGING MARK adopted and used by Defendant is Plaintiff's distinctive "BALLAST" mark in which Defendant has added the descriptive word "REAL ESTATE PARTNERS" for the exact services offered to the consumers as Plaintiff's services.

18.     Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale and sale of exact services as Plaintiff using the INFRINGING MARK to consumers throughout United States. Attached herein as **Exhibit 3** are true and correct scanned images of Defendant's webpage showing its use of the INFRINGING MARK in promoting exact services of residential real estate investment opportunities to potential investor consumer in United States.

19.     Upon discovery of Defendant's use of the INFRINGING MARK, Plaintiff diligently proceeded to protect the reputation and goodwill of the BALLAST MARK and prevent further likelihood of consumer confusion. On June 19, 2023, Plaintiff's counsel sent a cease and desist letter to Defendants notifying them that they were infringing on Plaintiff's federally registered service mark and demanded immediate cease and desist their use of the confusingly similar name in exact business as Plaintiff. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiff's counsel's June 19, 2023, cease and desist letter to Defendants.

20.   To-date Defendants have rejected Plaintiff's cease and desist demand and continues to use the infringing name "BALLAST REAL ESTATE PARTNERS" in promoting their business in direct competition with Plaintiff.

21.   Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake and deception among the relevant consuming public as the source or original of the Defendant's residential real estate investment services, and have and are likely to deceive the consuming public into believing and/or mistaking that Defendant's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

22.   Defendants' conduct was and continues to be intentional and willful and designed to unlawfully misappropriate Plaintiff's good will and reputation and to deceive the public, cause confusion in the marketplace and divert potential sale of Plaintiff's services to the Defendant.

23.   Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

### FIRST CAUSE OF ACTION

### Federal Trademark Infringement
### (15 U.S.C. § 1114)

24.   Plaintiffs hereby incorporate Paragraphs 1 to 23 as though they were fully alleged herein.

25.   Plaintiff is the owner of the federal service mark registration for "BALLAST" in classes 36 (real estate investment, acquisition and management services) and 37 (real estate construction and development), (Registration No. 5,348,745), which was issued on December 5, 2017, renewed in March of 2023 and deemed incontestable in October of 2023 (**See Exhibit 1**).

1    Plaintiff is also the owner of a common law rights in the BALLAST MARK since 2017. As

2    such, Plaintiff is the senior user and exclusive owner of the mark "BALLAST".

3

4    26.    Since 2017 Plaintiff has continuously used its BALLAST MARK in promoting its

5    real estate investment, asset and property management firm throughout United States and

6    establishing itself as a reputable expert real estate investment firm among trade specialist and

7    inventors. Plaintiff has spent substantial time and effort in earning and maintaining a reputable

8    name in the trade industry and distinguishing its services as an expert boutique real estate

9    investment and asset management firm by providing solid and consistent high-quality standard

10   of service and successful return to its customers throughout the years.

11

12   27.    The Defendants' use of the infringing mark "BALLAST REAL ESTATE PARTNERS"

13   as the name of their residential investment and property management company was done

14   without the consent or knowledge of Plaintiff and was and continues to be intentional and

15   willful.

16

17   28.    Defendants' use of the infringing mark "BALLAST" is likely to cause and is causing

18   consumer confusion, mistake, and deception.

19

20   29.    Defendants' acts complained herein have damaged Plaintiff and unless enjoined, will

21   continue to damage, and cause irreparable injury to Plaintiff's reputation and goodwill.

22

23   30.    The aforesaid acts of Defendants constitute trademark infringement of Plaintiff's rights

24   in its federally registered and uncontestable service mark for "BALLAST" in violation of 15

25   U.S.C. § 1114 (Section 32 of the Lanham Act).

26

27   31.    Plaintiff has no adequate remedy at law for the harm inflicted and caused by

28   Defendants' use of a confusingly similar mark in connection with its real estate investment and

property management business. Defendants' actions have been willful, malicious and with knowledge of the likelihood of confusion and deception, and with intent to confuse and deceive. WHEREFOR, Plaintiff prays for relief and judgment in its favor as set forth below.

## SECOND CAUSE OF ACTION

### Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

32.     Plaintiffs hereby incorporate Paragraphs 1 to 31 as though they were fully alleged herein.

33.     The mark "BALLAST", as used by Plaintiff throughout the year has become associated with Plaintiff's boutique and specialized business among trade professionals and customers as a reputable expert real estate investment and asset management firm.

34.     Defendants wrongful use in commerce of the confusingly similar mark "BALLAST" in connection with its residential investment and property management company and in its promotion and advertising material have created confusion and is likely to cause further confusion or mistake, or to deceive the public into believing that Defendants' services are affiliated, connected or otherwise associated with Plaintiff, thereby constituting unfair competition and false designation of origin in violation of Section 43 of Lanham Act, 15. U.S.C §1125(a).

35.     As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer ongoing and irreparable injury which Plaintiff has no adequate remedy at law. Defendants' actions have been willful, malicious, with knowledge of the likelihood of confusion and deception, and with intent to confuse and deceive. WHEREFOR, Plaintiff prays for relief

and judgment in its favor as set forth below.

## THIRD CAUSE OF ACTION

**California Trademark Infringement**
**(Cal. Bus. & Prof. Code § 14200 et seq.)**

36.   Plaintiffs hereby incorporate Paragraphs 1 to 35 as though they were fully alleged herein.

37.   Defendants' acts alleged above constitute infringement of Plaintiff's service mark under the law of the State of California in violation of sections 14200 *et seq.* of the California Business & Professional Code.

38.   Defendants' have made and will make substantial profits through their infringing activities to which they are not in law or in equity entitled to.

39.   Defendants' intend to continue the infringing conduct unless restrained by this Court.

40.   Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to Plaintiff's rights for which California law allows imposition of exemplary damages.

41.   Defendants' wrongful acts have caused and will continue to cause Plaintiff substantial and irreparable injury for which Plaintiff has no adequate remedy at law.

42.   Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendants' profit and three times all damages suffered by Plaintiff by reason of Defendants' infringement of Plaintiff's trademark.

## FORTH CAUSE OF ACTION

**California Unfair Competition**

**(Cal. Bus. & Prof. Code § 17200 et seq.)**

43.   Plaintiffs hereby incorporate Paragraphs 1 to 42 as though they were fully alleged herein.

44.   Defendants' infringement of Plaintiff's service mark constitutes unlawful, unfair and fraudulent business acts or practice and unfair, deceptive, untrue and misleading advertising within meaning of Section *17200 et seq.* of California Business & Professions Code.

45.   Defendants' intend to continue the infringing conduct unless restrained by this Court.

46.   Defendants' wrongful acts have caused and will continue to cause Plaintiff substantial and irreparable injury for which Plaintiff has no adequate remedy at law.

47.   Plaintiff is entitled to injunctive relief and restitution in an amount to be proven at trial.

**<u>FIFTH CAUSE OF ACTION</u>**

**Common Law Trademark Infringement**

48.   Plaintiffs hereby incorporate Paragraphs 1 to 47 as though it were fully alleged herein.

49.   Plaintiff has valid and protectable common law rights in the mark BALLAST.

50.    Plaintiff is the senior user of the mark BALLAST.

51.   Defendants' conduct, as described above, constitutes infringement of Plaintiff's common law rights in the mark BALLAST.

52.   Defendants' use of the almost identical and confusingly similar mark "BALLAST REAL ESTATE PARTNERS" is likely to cause confusion as to the origin of Defendants' services and is likely to cause consumers to believe that there is a relationship between the

Parties.

53.    Defendants' wrongful acts have permitted and will continue to permit them to receive substantial profits based upon the strength of the reputation and substantial goodwill associated with Plaintiff's service mark in the expert and specialized service industry of real estate investment and asset management.

54.   As direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged.

55.    Unless an injunction is issued enjoining the continuing or future use of the infirming mark "BALLAST" by Defendants, such continuing or future use is likely to continue to cause confusion among consumers and thereby damage Plaintiff irreparably. Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

### Common Law Unfair Competition

56.   Plaintiffs hereby incorporate Paragraphs 1 to 55 as though it were fully alleged herein.

57.   Plaintiff has expended significant time and expense in developing, promoting, branding, and advertising its the "BALLAST MARK" since its first use in the market in 2017 and has developed a substantial reputation and goodwill within the expert and specialized real estate investment and asset management industry.

58.   Through their actions as described above, Defendants have misappropriated Plaintiff's efforts and are exploiting the "BALLAST" brand and reputation in the market. These actions constitute unfair competition.

59.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and continues to be damaged.

60.     Unless an injunction is issued by this Court enjoining Defendants' unfairly competitive conduct, Plaintiff will continue to be damaged irreparably. Plaintiff has no adequate remedy at law.

61.     On information and belief, Defendants have acted willfully, intentionally and maliciously, such that Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFOR the Plaintiff prays for the following relief:

A.     For an order finding that Defendants, by acts complained above, have infringed the Federally Registered Service Mark "BALLAST" in violation of 15 U.S.C. §1114;

B.     For an order finding that Defendants, by acts complained above, have falsely designated the origin of their services in violation of 15 U.S.C §1125(a);

C.     For an order finding that Defendants, by acts complained above, have engaged in false/misleading advertised in violation of 15 U.S.C §1125(a);

D.     For an order finding that Defendants, by acts complained above, have engaged in unfair competition and acts of unfair and deceptive business practice in violation of California Business & Professional Code §§17200 et al;

E.     For an order finding that Defendants, by acts complained above, have engaged in common law trademark infringement;

F.     For an order finding that Defendants, by acts complained above, have engaged in

common law unfair competition;

G.   For an order that Defendants willfully and deliberately advertised, distributed, promoted and offered for sale services infringing on Plaintiff's federally registered mark in violation of the federal law;

H.   For an order that Defendant and its members, agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminary and permanently enjoined from:

> 1.   using the "BALLAST" name and/or any other confusingly similar marks thereof in association to their real estate investment and property management business;
>
> 2.   using any trademark that imitates or is confusingly similar to or in any way similar to the mark "BALLAST", or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Defendants' services or their connection to Plaintiff.

I.   For an order that Defendants be required to file with the Court and serve on Plaintiff's counsel within thirty (30) days after entry of Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

J.   For an order that all advertising materials, labels, signs, prints, packages, containers, catalogues, marketing and promotional materials or the like, online or in print, in possession, custody or under the control of Defendants bearing images, illustrations or representation of the enjoined infringement be delivered to Plaintiff's counsel or destroyed;

1

     K.  For an order pursuant to 15 U.S.C. §1117(a) completing Defendants to account to

2

Plaintiff for any and all profits derived by it from its unlawful and infringing conducts and an

3

award of Defendants' profits to Plaintiff;

4

5

     L.   For an order awarding Plaintiff for all damages sustained;

6

     M.  For an order awarding Plaintiff treble the actual damages awarded;

7

8

     N.  For an order awarding Plaintiff punitive damages due to Defendants' intentional,

9

willful and malicious conduct;

10

11

     O.  For an order that this be deemed an exceptional case and award Plaintiff its full cost

12

and reasonable attorney's fees pursuant to 15 U.S.C. §1117;

13

     P.  For such other and further relief as the Court may deem just and proper.

14

Dated this January 8, 2024         HAKIMI LAW

15

16

                By:

17

18

                   Mahsa Hakimi
                   Attorney for Plaintiff

19

                   Ballast Investments, LLC

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all claims herein that are properly triable to a jury.

Dated: January 8, 2024

HAKIMI LAW

By:

Mahsa Hakimi
Attorney for Plaintiff
Ballast Investments, LLC

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# BALLAST

**Reg. No. 5,348,745**

**Registered Dec. 05, 2017**

**Int. Cl.: 36, 37**

**Service Mark**

**Principal Register**

Lantern Group Realty, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1795 Union Street 3rd Floor
San Francisco, CALIFORNIA 94123

CLASS 36: Management of buildings; Real estate acquisition services; Real estate investment services; Real estate investment services in the nature of purchasing and selling of real estate for others; Real estate management services; Real estate rental services, namely, rental of residential housing; Real estate service, namely, rental property management; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Assessment and management of real estate

FIRST USE 6-5-2017; IN COMMERCE 6-5-2017

CLASS 37: Construction and renovation of buildings; Construction of buildings; Construction, maintenance and renovation of property; Real estate development; Real estate development and construction of commercial, residential and hotel property; Building construction; Building construction services; Building construction, remodeling and repair; Residential and commercial building construction

FIRST USE 6-5-2017; IN COMMERCE 6-5-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-193,087, FILED 10-04-2016

*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

**From:** TMOfficialNotices@USPTO.GOV
**Sent:** Monday, October 2, 2023 11:16 PM
**To:** XXXX
**Subject:** Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 5348745: BALLAST

**U.S. Serial Number:** 87193087
**U.S. Registration Number:** 5348745
**U.S. Registration Date:** Dec 5, 2017
**Mark:** BALLAST
**Owner:** BALLAST INVESTMENT, LLC

Oct 2, 2023

### NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058. **The Section 8 declaration is accepted.**

### NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065. **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below, unless canceled by an order of the Commissioner for Trademarks or a Federal Court, as long as the requirements for maintaining the registration are fulfilled as they become due.**

**Class(es):**
036, 037

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified statutory time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date. See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date. See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*THE USPTO IS NOT REQUIRED TO SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS. THE OWNER SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To check the status of this registration, go to https://tsdr.uspto.gov/#caseNumber=87193087&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199.

To view this notice and other documents for this registration on-line, go to https://tsdr.uspto.gov/#caseNumber=87193087&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=documentSearch NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

   \*   **For further information, including information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at https://www.uspto.gov/trademark/ or contact the Trademark Assistance Center at 1-800-786-9199.**

# EXHIBIT 2

Ballast v. Ballast Real Estate- Complaint



# BALLAST

FOUNDED ON TRUST. GROUNDED IN RESULTS.

ABOUT          STRATEGY          SUSTAINABILITY          INVESTOR PORTAL          CONTACT



## OUR FIRM

Ballast is a vertically integrated owner-operator of residential properties in the Western United States. The firm was founded in 2014 by Principals with extensive residential experience and a working relationship that dates back to 2007. The Ballast team has a proven track record of acquiring, managing and repositioning residential properties. With over $2.0 billion of assets under management, Ballast oversees all aspects of the property journey with dedicated in-house teams partnered with an institutional platform of third-party relationships.

Ballast specializes in low and medium density multifamily, campus adjacent student housing and single-family homes. The team has discovered these assets are typically sold by non-institutional owners  and overlooked by the asset management industry, creating price dislocation and favorable buying opportunities. In addition to favorable pricing, these undermanaged properties present Ballast with meaningful rental upside, underutilized square footage, and value optimization opportunities not as prevalent in institutionally owned assets.

We take a unit-by-unit approach to value creation. Sometimes it's as simple as light, cosmetic upgrades. For units requiring a heavier lift, Ballast will leverage its architectural and construction experience to renovate units or reconfigure floorplans to add living space. We further refined our investment strategy by building a proprietary platform to efficiently manage a high volume of smaller assets.

As a residential asset aggregator, our value-add strategy rewards patient capital. Ballast builds portfolios of assets with institutional quality and scale that command value premiums at exit, rather than paying scale premiums at acquisition.



# BALLAST

FOUNDED ON TRUST. GROUNDED IN RESULTS.

ABOUT          STRATEGY          SUSTAINABILITY          INVESTOR PORTAL          CONTACT

## EXPERTISE



ACQUISITIONS



ARCHITECTURE
& ENGINEERING



CONSTRUCTION
MANAGEMENT



ASSET
MANAGEMENT



PROPERTY
MANAGEMENT



LEASING



PORTFOLIO
MANAGEMENT



FINANCE &
ACCOUNTING



INVESTOR
RELATIONS

# EXHIBIT 3

Ballast v. Ballast Real Estate- Complaint





INVESTING IN HIGH QUALITY,

AFFORDABLE APARTMENT HOMES



ballastrealestatepartners.com/overview/

About    Investment Strategy    Portfolio    BALLAST REAL ESTATE PARTNERS    Services    Unit Availability    Tenant Portal

Asset Management

Property Management

Receivership

Investing in high quality, affordable apartment homes

# EXHIBIT 4



HAKIMI LAW

<u>PRIORITY MAIL ONLY</u>

June 19, 2023

Ballast Real Estate Partners
*Attention: Jeremy Hillenbrand, Founder & Managing Partner*
2140 N. Prospect Ave
Milwaukee, WI 53211

Re:      <u>**IMMEDIATE CEASE AND DESIST**</u>

Dear Mr. Hillenbrand

We are contacting you on behalf of our client Ballast Investments, LLC (formally Lantern Group Realty, LLC) (hereinafter "Client"), the owner of the United States Federal Trademark Registration No. 5,348,745 for the mark "BALLAST" in classes 36 and 37 for real estate investment, property management and construction services (hereinafter the "Mark"). For your reference, we have included a copy of the referenced Trademark Registrations.

It was recently brought to our Client's attention that you are operating a real estate investment and property management company in Wisconsin under the identical name "***Ballast*** *Real Estate Partners*" for the exact services offered by our Client.

Our Client is a well-established and reputable real estate investment, asset and property management company which was founded in 2014 and currently holding over $2 billion of asset under its management throughout United States. The Mark at issue has been continuously used in association with our Client's business as early as 2017. The use of this identical name and confusingly similar logo within the exact same business operation creates a likelihood of confusion, mistake, or deception for the consumers indicating that you are

**BUSINESS | ART | INTELLECTUAL PROPERTY**

916 Kearny Street Suite 604   San Francisco, CA 94133   **T** 415 255 4503   **F** 415 366 1775   **E** mahsa@hakimilaw.com

somehow associated, affiliated, connected, approved, authorized or sponsored by our Client, which you are not

As you are well aware, in this industry it is very difficult to earn and maintain a reputable name among investors and customers for quality of service and overall experience, due to an increasingly competitive market. Our Client has worked hard for years to successfully build a reputable real estate investment and asset management company and create its brand recognition in the US market. A simple search online would have clearly notified you of the fact that this Mark is an established trademark of our Client.

Our Client's federal registrations of its Mark gives it exclusive right to use the Mark in connection with the services in the United States. Pursuant to section 43(a) of the Lanham Act and California Business and Professions Code, your use of the name "*Ballast Real Estate Partners*" as your business name promoting the same services as our Client within the same channels of commerce amounts to trademark infringement and unfair competition through misattribution.  The Lanham Act explicitly condemns false designations or representations of any word, term, name, symbol, or any combination thereof, in connection with any goods or services, while California's Business and Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.  Your use of our Client's Mark as your business name is a false designation and representation in addition to being an unfair and misleading business practice.

This letter shall serve as a notice of IMMEDIATE CEASE AND DESIST of any and all use of the mark "BALLAST" regardless of media, including but not limited to the use in connection with your business name, logo and domain name. Failure to immediately cease use of name "BALLAST" in connection with your business name and marketing will be considered intentional misappropriation and willful infringement and we will not hesitate to pursue all legal means available to our Client, including but not limited to injunctive relief and monetary damages such as profits, costs, and attorney's fees.  Furthermore, we will ask the court to provide for treble damages due to your willful continuous infringement following a good faith notice.

Notwithstanding, it is our Client's intention to resolve this matter amicably without the need to resort to a legal action against you condition on you agreeing to the following within the next **30 days**:

1) Cease use of the name "BALLAST" and the current logo in association with your business; and

2) Cease and terminate the use of the URL https://www.ballastrealestatepartners.com and assign all rights to this URL over to our Client; and

3) Add a mutually approved disclaimer on your website that you are not associated, affiliate or connect to our Client.

We are hopeful that this matter can be resolved immediately without the necessity of costly litigation, but if necessary, we will not hesitate to enforce our Client's rights to the fullest extent of law, including but not limited to seeking an immediate injunction. Unless we hear back from you or your counsel within the next 10 days, we will procced with further legal action.

Naturally, this letter is not intended as a complete recitation of the facts, nor does it serve as a waiver of any rights, claims, or defenses, which our Client may have, all of which are hereby expressly reserved.

Best regards,

Mahsa Hakimi, Esq.

cc:  Client

# United States of America

## United States Patent and Trademark Office

# BALLAST

**Reg. No. 5,348,745**

**Registered Dec. 05, 2017**

**Int. Cl.: 36, 37**

**Service Mark**

**Principal Register**

Lantern Group Realty, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1795 Union Street 3rd Floor
San Francisco, CALIFORNIA 94123

CLASS 36: Management of buildings; Real estate acquisition services; Real estate investment services; Real estate investment services in the nature of purchasing and selling of real estate for others; Real estate management services; Real estate rental services, namely, rental of residential housing; Real estate service, namely, rental property management; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Assessment and management of real estate

FIRST USE 6-5-2017; IN COMMERCE 6-5-2017

CLASS 37: Construction and renovation of buildings; Construction of buildings; Construction, maintenance and renovation of property; Real estate development; Real estate development and construction of commercial, residential and hotel property; Building construction; Building construction services; Building construction, remodeling and repair; Residential and commercial building construction

FIRST USE 6-5-2017; IN COMMERCE 6-5-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-193,087, FILED 10-04-2016

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.